UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONIA SCOTT,<br><br>                Plaintiff,<br><br>       -against-<br><br>PINE RIDGE COMMUNITY ASSOCIATION; JOSEPH PERITORE, President; THERESA ELLIOT, Vice-President; KAREN SIEGEL, Treasurer,<br><br>                Defendants. | 17-CV-1682 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff Tonia Scott brings this *pro se* action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff, an "Aboriginal/Indigenous/Native American Indian woman," filed this action against the Pine Ridge Community Association and its president, vice-president, and treasurer over a real property dispute. Plaintiff resides in New York, and the property and Defendants are located in Bushkill, Pike County, Pennsylvania. For the following reasons, the Court transfers this action to the United States District Court for the Middle District of Pennsylvania.

## DISCUSSION

       Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, § 1391(c)(1), and a corporation or other entity with the capacity for suit

resides "in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question," § 1391(c)(2).

Under § 1391(b), venue is not proper in this district. Defendants reside in Pike County, Pennsylvania, where the property is located. Venue appears to be proper in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b) (Pike County is in the Middle District of Pennsylvania). When a plaintiff brings an action in the wrong federal judicial district (a district where venue is not proper), the Court must either dismiss the action or transfer it to a district court where venue is proper. *See* 28 U.S.C. § 1406(a); *Atl. Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 578 (2013). Courts may transfer actions under § 1406(a) on their own initiative. *See, e.g., Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, No. 05-CV-6939 (MBM), 2006 WL 1147963, at *9 (S.D.N.Y. May 1, 2006) (citing *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 n.3 (2d Cir. 1966)). Accordingly, the Court transfers this action to the United States District Court for the Middle District of Pennsylvania.[1] *See* 28 U.S.C. §§ 1391(b), 1406(a).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to

---

[1] The Court reiterates its previous warning to Plaintiff regarding duplicative or frivolous litigation. If Plaintiff continues to initiate such litigation in this Court, the Court will issue an order barring her from filing new civil actions in this Court *in forma pauperis* without prior permission. *See Scott v. Saw Creek Estate Cmty. Ass'n, Inc.*, No. 17-CV-1685 (CM), at 3 (S.D.N.Y. Mar. 8, 2017) (citing 28 U.S.C. § 1651).

be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   April 6, 2017
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge