# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TONIA SCOTT,** | : | Civil No. 3:17-CV-668 |
| Plaintiff | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **PINE RIDGE COMMUNITY ASS'N.,** et al., | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

The instant case, which was transferred from the United States District Court for the Southern District of New York, comes before this Court for screening review of this *pro se, in forma pauperis* civil action. The plaintiff, Tonia Scott, initially filed this lawsuit in federal court in New York against a Bushkill, Pennsylvania, community association and its officers. (Doc. 2.) Asserting various aboriginal rights as an indigenous person to the lands upon which the defendant community is located, Scott seeks to eject the persons residing on these lands, and recover damages. (Id.)

Along with this complaint, the plaintiff filed a motion for leave to proceed *in forma pauperis.* (Doc. 1.) Upon an initial screening review of this complaint, while

1

we will GRANT the plaintiff leave to proceed *in forma pauperis*, for the reasons set forth below, we will recommend that the Court dismiss the complaint for failure to state a claim upon which relief can be granted in federal court.

## II. Discussion

### A. Screening of *Pro Se In forma Pauperis* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions

will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, in conducting a review of the adequacy of complaint, trial courts must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words,

> a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations

which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Applying these standards, we find that the claims in this complaint are subject to summary dismissal.

### B. The Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted in Federal Court

Tonia Scott is a familiar litigant before this court, who has in the past asserted virtually identical aboriginal claims, seeking to secure financial recoveries from various persons and entities who now reside on lands that Scott regards as part of her aboriginal heritage. Scott's efforts on this score, while persistent, have been wholly unavailing. Scott v. Gehris, No. CV 3:16-0340, 2016 WL 804175 (M.D. Pa. Mar. 1, 2016); Scott v. Alexander, No. CV 3:16-0335, 2016 WL 852592, at *1 (M.D. Pa. Mar. 4, 2016); Scott v. Cox, No. CV 3:16 0338, 2016 WL 852597, at *2 (M.D. Pa. Mar. 4, 2016); Scott v. Pulos, No. CV 3:16 0336, 2016 WL 863885, at *3 (M.D. Pa. Mar. 7, 2016); Scott v. McCarthy, No. CV 3:16 0337, 2016 WL 864130 (M.D. Pa. Mar. 7, 2016).

This notable lack of legal success can be traced to a single source, one which has been outlined for Scott in the past: her aboriginal land rights claims, which are steeped in historic events pre-dating the founding of this nation and rooted in the European colonization of the New World, are not justiciable controversies that may

be addressed in federal court. Indeed, on this score we remind Scott of the guidance we have provided to her in the past:

> [I]n Delaware Nation v. Pennsylvania, 446 F.3d 410, 416-17 (3d Cir. 2006), the Third Circuit stated:
>
>> the manner, method, and time of the sovereign's extinguishment of aboriginal title raise political, not justiciable, issues. United States v. Santa Fe Pac. R.R. Co., 314 U.S. 339, 347, 62 S.Ct. 248, 86 L.Ed. 260 (1941). "[W]hether (extinguishment) be done by treaty, by the sword, by purchase, by the exercise of complete dominion adverse to the right of occupancy, or otherwise, its justness is not open to inquiry in the courts." Id. (emphasis added); United States v. Alcea Band of Tillamooks, 329 U.S. 40, 46, 67 S.Ct. 167, 91 L.Ed. 29 (1946) (noting that the sovereign "possessed exclusive power to extinguish the right of occupancy at will.").
>
> As such, "the manner in which the sovereign executes a purchase or a treaty with an Indian entity" is a "nonjusticiable" issue. Id. at 417 n. 10. Thus, plaintiff has failed to state a judicially determinable issue regarding her claim of aboriginal title to defendant[s'] land.

Scott v. Alexander, No. CV 3:16-0335, 2016 WL 852592, at *3 (M.D. Pa. Mar. 4, 2016).

This well-settled limitation on the power of federal courts to hear Scott's aboriginal land acquisition complaints remains as pertinent, binding and final now as it was in 2016, when we last explained this legal tenet to the plaintiff. Therefore, the outcome of this case is dictated by the outcome of Scott's past identical cases–dismissal for failure to state a claim upon which relief may be granted.

Further, we also note that our prior rulings on legally indistinguishable claims made by Scott also suggests that this case should be dismissed without further leave to amend. In this regard score we have observed to Scott in the past that: " 'Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility.' Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Here, it is clear that granting plaintiff leave to amend her complaint would be futile in light of the incomprehensibility of the complaint and since it is 'no longer open to discussion' that plaintiff's complaint is 'obviously frivolous.' " Scott v. Pulos, No. CV 3:16-0336, 2016 WL 863885, at *3 (M.D. Pa. Mar. 7, 2016). This observation, which was made in a virtually identical lawsuit filed by Scott in 2016, applies with equal force to this latest civil filing by Scott.

### III. Recommendation

Accordingly, for the foregoing reasons, the plaintiff's motion for leave to proceed *in forma pauperis*, (Doc. 1), is GRANTED but IT IS RECOMMENDED that the Court dismiss the plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted in federal court.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties,

written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 14th day of April, 2017.

*S/Martin C. Carlson*  
Martin C. Carlson  
United States Magistrate Judge